Tabor and others vs. Tabor and others.

TABOR and others, Appellants, vs. TABOR and others, Respondents.

85    313
d111   ¹111

*May 5 — May 23, 1893.*

*Wills: Precatory trusts: Construction: Judgment.*

1. A testator, after giving to his wife his entire estate, "the real estate in fee simple and the personal estate by a like absolute ownership," proceeded: "I do this in full trust and confidence that she will provide for the distribution of the same by her last will and testament among our children [naming them] in such proportions as shall be just and right; but this expression of trust and confidence is not to be interpreted as limiting her right of ownership or power of distribution." *Held*, that the precatory words were advisory merely, and no trust was created.

2. In an action by some of the children for the construction of the will and to set aside a conveyance by the widow, the findings of the trial court construed the will so as to sustain the conveyance. *Held*, that a judgment dismissing the complaint was sufficient, although it did not in terms construe the will.

APPEAL from the Circuit Court for *La Fayette* County.

Action for the construction of the will of Charles Tabor, and to set aside a deed of certain real estate of said deceased, made by *Elizabeth Tabor*, his widow, to the defendant *John Tabor*. Charles Tabor died March 14, 1886, testate, leaving a widow, the defendant *Elizabeth*, and six adult children, four of whom are plaintiffs in this action, and two of whom, *John* and *Luke*, with their mother, are defendants. The deceased left a small homestead in Darlington, and a farm of 160 acres, which farm is the subject of this litigation. His will was duly probated, and, omitting formal parts, is as follows:

"I give, devise, and bequeath to my wife, *Elizabeth Tabor*, all and singular my property and estate, whether real or personal, to have and to hold the same, the real estate in fee simple, and the personal estate by a like absolute ownership. I do this in full trust and confidence that she will provide for the distribution of the same by her last will and testament among our children, *Luke, George, Charles, John, Mary*, and *Anna*, in such proportions as shall be just and right; but this expression of trust and confidence is not to be interpreted as limiting her right of ownership or power of distribution."

*Elizabeth* claimed under the will to own the farm in fee, and in December, 1890, conveyed the same to the defendant *John* in fee, a simultaneous contract being made by *John* to convey one half thereof to *Luke*. The plaintiffs bring this action to set aside said deed, claiming that under the will *Elizabeth* took a life estate only in the land, with a fee in trust to distribute among her children, and that the children are vested with the remainder in fee, subject to the widow's life estate and the exercise of the power of distribution. The complaint also charges that the deed was made under undue influence exercised by *John* and *Luke* over the mind of their mother, and that she was mentally incapable of transacting business.

Upon the trial the circuit court limited the proofs to "such testimony as will have a bearing on the construction to be placed upon the will, with the understanding that, if the court should decide that question in favor of the plaintiffs, further testimony shall be taken in order that the court may render a proper decree." The circuit court found that the will vested a fee-simple title of the lands in question in *Elizabeth*, and that the words of the will expressive of trust and confidence were simply advisory, and conveyed no estate, legal or equitable, to the children, and entered judgment dismissing the complaint on the merits, from which judgment plaintiffs appealed.

For the appellants there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*. They contended that the question whether a trust is established by precatory words is a question of the intention of the testator, to be gathered from the whole will. *Knox v. Knox*, 59 Wis. 172; Beach, Wills, secs. 20, 215; Hill, Trustees, 71, 73; 1 Jarman, Wills (5th Am. ed.), 680; *Erickson v. Willard*, 1 N. H. 217; 2 Story, Eq. Jur. sec. 1068*a; Colton v. Colton*, 127 U. S. 319; *Warner v. Bates*, 98 Mass. 280; Bispham's Eq. 74; Hawkins, Wills, 160; *Hess v. Singler*, 114 Mass. 59; *Eberhardt v. Perolin*, 48 N. J. Eq. 592; *Williams v. Williams*, 1 Sim. Ch. 369; *Phillips v. Phillips*, 112 N. Y. 205; *Harrisons v. Harrison's Adm'x*, 2 Grat. 1, 44 Am. Dec. 365, 372. The subject of the devise in trust in this case, and the beneficiaries of the trust, are designated with sufficient certainty. The fact that the trustee has a discretion in determining the *quantum* of the estate to be given to each child in satisfaction of the requirement of the will that the division shall be "right and just," is not an element of uncertainty which will invalidate the trust. *Harrisons v. Harrison's Adm'x*, 2 Grat. 1; *Colton v. Colton*, 127 U. S. 300; *Phillips v. Phillips*, 112 N. Y. 197; *Noe v. Kern*, 93 Mo. 367; *Jones v. Jones*, 124 Ill. 254; *Ide's Ex'rs v. Clark*, 5 Ohio C. C. 239; *Blanchard v. Chapman*, 22 Ill. App. 341; *Cox v. Wills*, 49

N. J. Law, 130; *Toms v. Owen*, 52 Fed. Rep. 417; 2 Story, Eq. Jur. sec. 1061a; *Dominick v. Sayre*, 3 Sandf. 555. The trust power conferred by this will upon the widow is clearly imperative, even if it be granted that she has the right under it to favor some of the children to the exclusion of others. R. S. secs. 2123–2127. The language being clearly sufficient to show that the *will* of the testator was that his children should take the property after the death of his wife, his request to his wife to so distribute the estate must be construed as directory, and not simply as advisory. The judgment is erroneous because it simply dismisses the complaint and fails entirely to declare any construction of the will.

For the respondents there was a brief by *G. A. Marshall*, attorney, and a separate brief by *P. H. Conley*, attorney, and *D. S. Rose*, of counsel, and the cause was argued orally by *Mr. Rose* and *Mr. Marshall*.

WINSLOW, J. The controlling question presented is whether the words of the will create a precatory trust, so that, notwithstanding the absolute devise of a fee to the widow in the first part of the will, she must be held to take only a life estate, coupled with a trust as to the remainder in favor of the children. The subject of precatory trusts was very fully investigated by this court in *Knox v. Knox*, 59 Wis. 172. It was there said by the late Mr. Justice TAYLOR that the two important questions to be considered in such a case are: " First, has the testator, in his expressed request, clearly pointed out the persons whom he desired should be the recipients of his bounty, and has he clearly defined the part of the estate which he desired they should receive? And, second, does the language used by him clearly show that he intended it to be obligatory upon his wife, to whom he had devised all his property in fee, and not merely advisory? " Accepting these questions as the tests to be applied in deciding whether a precatory trust is

created by this will, it would seem quite difficult to say that the testator has in this will clearly defined the part of the estate which he desired his children to receive; but we do not decide this question, because our conclusion as to the proper solution of the second question renders it unnecessary. We think it very clear that the words of the will clearly show that the testator intended his expressions to be merely advisory and not in any respect obligatory. The will was drawn by a lawyer. After devising all his estate to his wife, " the real estate in fee simple, and the personal estate by a like absolute ownership," he proceeds: " I do this in full trust and confidence that she will provide for the distribution of the same by her last will and testament among our children, *Luke, George, Charles, John, Mary,* and *Anna,* in such proportions as shall be just and right." Had he stopped here, the argument would be very strong that he intended these words to be obligatory upon his wife, notwithstanding the previous devise of a fee, and the case would be in this respect very like the *Knox Case,* above referred to; but he proceeded to say in the same sentence: " But this expression of trust and confidence is not to be interpreted as limiting her *right of ownership* or power of distribution." This language can have but one reasonable meaning. The widow's right of ownership, by the specific terms of the will, was an absolute fee simple. The testator says that his expression of trust and confidence is not to be construed as limiting this right. How, then, can a court so construe it? It seems to us that if we were so to construe it we should be making a new will for the testator, against his positive declaration. The Knox will contained no similar words. Lewin, Trusts (7th ed.), 122.

It is objected that the judgment does not in terms construe the will. The findings construe the will, and the judgment dismisses the complaint on the merits. This is sufficient.

*By the Court.*— Judgment affirmed.