ESTATE OF MOORE: MOORE and another, Appellants, vs. MOORE, Respondent.

*March 9—March 30, 1909.*

*Wills: Construction: Codicil: Cutting down gift in prior provision: Precatory words: Costs.*

1. A will gave to the testator's widow and his two sons, each a one-third interest in the residue of the estate. A codicil provided that one son "buy out and pay off the others to the extent of their shares so that" he "will be the owner of the home farm which I [testator] value at about $6,000." *Held*, that the codicil did not cut down the gift first made, but was precatory only.

2. A provision of a will is not to be so construed as to cut down a gift made in positive and clear terms in a prior provision unless it does so by the use of words definite in meaning and in positive terms expressive of such an intent.

3. Generally, in a contest between legatees to establish their rights under a will, costs should be awarded to the successful party.

APPEAL from a judgment of the circuit court for Vernon. county: J. J. FRUIT, Circuit Judge. *Affirmed.*

After making certain bequests, concerning which no question is raised, the will in question provided as follows:

"Third. I direct that all the rest, residue of my estate, both real and personal, be divided into three equal parts, and to my beloved wife, *Janie,* I deliver, devise and bequeath one part, to be in lieu of dower and all allowances provided by law for the widow, and in lieu of homestead, and to be her property absolutely and in fee.

"Fourth. I devise to my beloved sons, *John Moore* and *Elmer Moore,* each the one-third part of my estate; it being my intention that after the bequests made in the first and second paragraphs above, that the residue of my estate be divided equally between my beloved wife, *Janie,* and sons, *John* and *Elmer,* each to have one third thereof."

By a codicil the testator provided as follows:

"I hereby devise and give to Mrs. Alice McFarland $500.00 (five hundred dollars) out of the part of my property that my will directed should go to *John Moore* (*i. e.* out of *John Moore's* share)."

A second codicil is as follows:

"I, James Moore, of Stark, while in sound mind and memory, hereby further provide (concerning the fourth paragraph of my will of July 17th, which is altered by a codicil of December 4th by a $500 gift to Mrs. Alice McFarland which I wish to stand) that my son, *Elmer Moore,* buy out and pay off the others to the extent of their shares so that *Elmer* will be the owner of the home farm which I value at about. $6,000."

The county court for Vernon county construed the will and codicils as giving the residue of the estate to *Elmer* upon condition that he pay the widow, *Janie Moore,* one third of its value (found to be $1,566.66), and a similar amount, less the legacy of $500 to Mrs. Alice McFarland, to *John Moore.* Upon *John Moore's* appeal to the circuit court the judgment of the county court was reversed and the county court was.

directed to assign the residue of the estate to *Janie Moore,*
*Elmer Moore,* and *John Moore* in common. This is an ap-
peal by *Mrs. Janie Moore* and *Elmer Moore* from the judg-
ment of the circuit court so rendered.

The cause was submitted for the appellants on the brief of
*J. Henry Bennett,* and for the respondent on that of *C. W.*
*Graves.*

SIEBECKER, J. The effect of the second codicil in connec-
tion with the third and fourth paragraphs of the will is in
dispute between the parties. After making some specific be-
quests, the testator in the third and fourth paragraphs di-
rected that the residue of his estate should be divided into
three parts. One part he devised to his wife, in lieu of dower,
homestead rights, and allowances to her as widow; the remain-
ing two parts he devised to his two sons, *John* and *Elmer,*
"each the one-third part of my estate," expressly declaring,
"it being my intention . . . that the residue of my estate
be divided equally between my beloved wife, *Janie,* and sons,
*John* and *Elmer,* each to have one third thereof." Under these
provisions it is clear that the wife and the two sons each ob-
tained a fee interest to a one-third part of the residue of the
estate. In the second codicil the testator declares: "I . . .
hereby further provide . . . that my son, *Elmer Moore,*
buy out and pay off the others to the extent of their shares so
that *Elmer* will be the owner of the home farm which I value
at about $6,000." The county court held that the testator
thereby intended so to modify the will as to give *Elmer* the
right to buy the whole interest in the farm, which was in-
cluded in the residue of the estate under the third and fourth
clauses of the will, thereby to impose on *Elmer* the burden of
paying the widow and *John* each the one third of its actual
value, and by such payment to secure the right to have their
interests conveyed to him. The circuit court rejected this
view upon the ground that the context of the second codicil

showed no intent in the testator to abrogate or restrict the interest in the residue of his estate devised to his widow and son *John* as specified in paragraphs 3 and 4, except as the first codicil concededly modified the will.

The latter view seems to us to express the true intent of the testator. The context of the codicil makes it apparent that he had in mind the provisions in paragraphs 3 and 4 which gave his wife and son *John* each a one-third interest in the farm, as he declared, "absolutely and in fee." The language of the codicil is: "that my son, *Elmer Moore*, buy out and pay off the others to the extent of their shares so that *Elmer* will be the owner of the home farm which I value at about $6,000." This clearly evinces that, when he made this codicil, he intended that the widow and each son should each receive and have a one-third interest in the farm, but that he desired *Elmer* to buy out the interests of the others. It is therefore apparent that *Elmer* did not receive the farm under the will, but only a one-third interest therein, as did the other devisees. This idea of the testator necessarily negatives the claim that he intended to devise to *Elmer* the whole farm, but charged · with the burden of devises to the widow and the other son, each of one third of its actual value.

If the testator intended that the whole farm should go to *Elmer* under the will he could readily, and naturally would, have employed language which would have expressed such an intention. The phraseology employed is not expressive of such an object, but it evinces a desire that *Elmer* buy out and purchase from the wife and other son the interest in the farm devised to them. This in effect renders the words precatory in their nature, and they are operative only as a recommendation by the testator to his devisees, but they leave compliance discretionary with the parties.

It is furthermore to be observed that the testator fixed no definite value on the farm in case *Elmer* should buy out the others, leaving it to the parties to place a value on it in the

event of such purchase. The provisions of the will show that the testator understood that all should have the same interest in and right to the land. This gave them mutual and equal rights. *Tabor v. Tabor,* 85 Wis. 313, 55 N. W. 702; *Conlin v. Sowards,* 129 Wis. 320, 109 N. W. 91. The terms of the codicil, when considered in connection with the devises under paragraphs 3 and 4, fail to cut down the gifts made in these paragraphs. It is a well-recognized rule that language in a provision of a will is not to be so construed as to cut down a gift made in positive and clear terms in a prior provision, unless it does so by the use of words definite in meaning and in positive terms expressive of such an intent. The phraseology of the codicil does not meet this requirement. The language employed does not embody the idea that the testator intended to cut down or restrict the interest in the farm given his widow and son *John* in paragraphs 3 and 4. *Estate of Bellas,* 176 Pa. St. 122, 34 Atl. 1003; *Clay v. Wood,* 153 N. Y. 134, 47 N. E. 274; *Bills v. Bills,* 80 Iowa, 269, 45 N. W. 748; *Estate of Granniss,* 142 Cal. 1, 75 Pac. 324. We are of opinion that the circuit court properly held that under the will the widow and the two sons took the farm in common and that each owned one third thereof absolutely in fee.

Respecting the allowance of costs, the record discloses nothing to distinguish this case from the usual contest between legatees to litigate and establish rights to a testator's property under the provisions of a will. There is nothing in the nature of this contest which calls for exempting the litigants from the rules applicable to and governing the right to costs. The circuit court properly awarded costs to the successful party.

*By the Court.*—Judgment affirmed.