ESTATE OF ADAMS: NICKERSON, by guardian *ad litem,* and others, Appellants, vs. VERMUELE and others, Respondents.

*June 5—October 9, 1934.*

For the appellant First Wisconsin Trust Company there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *Bernard V. Brady*.

*Charles L. Goldberg* of Milwaukee, guardian *ad litem* for the appellants Clementine Wolf, Adelaide De Long, Cornelius C. Vermeule III, and Adelaide Comstock.

*Joseph J. O'Day* of Milwaukee, guardian *ad litem* for the appellants Schuyler Nickerson, Eugene Nickerson, and Adams Nickerson.

For the respondents Katherine C. Vermeule, Beatrice C. De Long, and Francis Adams Comstock there was a brief by *Bender, Trump & McIntyre,* attorneys, and *Werner J. Trimborn* and *David G. Owen, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Trimborn* and *Mr. Owen*.

For the respondents Ruth C. Nickerson and Lane Kimball Stone, there was a brief by *Lines, Spooner & Quarles,* and oral argument by *James T. Guy,* all of Milwaukee.

The following opinion was filed June 26, 1934:

FAIRCHILD, J. The statute under which the respondents seek relief is an attempt to enable a beneficiary of a trust to meet an emergency in the matter of maintaining himself. It provides that every act of the trustees in contravention of the trust shall be absolutely void, but that a beneficiary whose maintenance is not sufficiently provided for by the trust, and

who is unable to take care of himself, may have the appropriation and application of so much of the trust fund or income thereof as the court having jurisdiction may deem necessary or proper for the care and maintenance of such beneficiary. This statute, sec. 231.21, does not permit the county court to remake the will, and only in the case of dire necessity can it enlarge the specific terms fixed by the will. It was intended that, when a situation arose under which the rights and interests of others in said trust would not be prejudiced, and the beneficiary had become or was unable to take care of himself, the court then might grant such relief.

The language used in the statute does not permit the granting of relief or the fixing of the amount of such relief on any theory of social standing or convenience. The power is to be exercised only when a beneficiary has fallen upon such evil days that he is "unable to take care of himself," and then only if "the rights and interests of others in said trust will not be thereby prejudiced." This conclusion is necessarily reached when there is kept in mind the regard which the law has for the intention expressed by one in his will.

The evidence upon which the court based its holding, while showing the diminished incomes of the petitioners, does not warrant a finding in any particular of such dependency as would bring the respondents within the field fixed by the statute. The findings of the trial court, which are not contested, relate to the financial status of the petitioners, and are as follows: One has an income of $700, and her husband had a gross income in 1932 of $3,939, of which $1,500 was spent for transportation required by his profession, and $900 was spent for supplies, incidentals, and medical expense. In addition, the husband had an annual income from a farm which he owned of about $250 a year. The second petitioner has an annual income of $700, and her husband's salary is $3,276 a year. The third petitioner has an annual income of $700 in addition to his salary of $3,000 a year.

To hold that these beneficiaries, situated as they are, are in a position to invoke the aid of sec. 231.21, Stats., in order to augment incomes which are already ample to maintain them comfortably, would be to disregard completely the plain purpose and wording of the statute.

The other two beneficiaries who were included in the award made by the county court, did not join in the petition and made no claim of necessitous circumstances. Consequently, no occasion existed for granting them the relief.

*By the Court.*—Order reversed. Cause remanded with directions to dismiss the petition.

A motion for a rehearing was denied, without costs, on October 9, 1934.