ESTATE OF MELVILLE: MELVILLE, by Guardian *ad litem,* Appellant, vs. UNION TRUST COMPANY, Executor, Defendant: IVES, Respondent.

*March 13—April 9, 1940.*

*O. B. Porter* of Madison, for the appellant.

*Frank W. Lucas* of Madison, and *J. Harry Schad* of Gainesville, Florida, for the respondent.

FAIRCHILD, J. From within the four corners of the will and codicil it appears that the testator had in mind making a change which would result in an increase in the amount which would be disposed of by the residuary clause of his will. He intended to change the arrangement made in the will and the first codicil with respect to the residuary clause so that instead of leaving the residue of his estate to Rodney, it would be divided between Rodney and Marie.

The language used being plain and free from ambiguity, there is no occasion for considering the evidence offered by appellant and the rulings thereon in the court below. There is no accepted rule for the construction of a will, nor is there any general rule of syntax, which permits the reading out of the second codicil the intention of the testator to limit the change to the residuum of the estate after deducting $9,000 from a bequest to Edna. It is evident from a reading of the codicil that the testator intended to make a change in that part of the will and in those particulars only, so far as Rodney and Marie are concerned. He did so by taking out $9,000 from the bequest theretofore made to Edna, putting that amount in the residue, and then granting the residue to Marie and Rodney in equal parts. The residue had originally gone to Rodney alone. Rodney's altered portion, however, was left in trust with the Union Trust Company as trustee.

A codicil does not revoke a will unless the testator's intention so to revoke is clear. 1 Page, Wills (2d ed.), p. 697, § 438; 2 Page, Wills (2d ed.), p. 2365, § 1415, p. 2389,

§ 1422; Thompson, Wills (2d ed.), p. 218, § 167; *Moore v. Moore,* 138 Wis. 602, 120 N. W. 417. The provisions of a will or codicil will not be construed to cut down a gift already made, unless that intention be shown by definite and positive words. *Will of Richter,* 215 Wis. 108, 254 N. W. 103; *Will of Loewenbach,* 222 Wis. 467, 269 N. W. 323.

In the court below considerable importance was attached to a letter which had been written by the testator to Rodney reviewing his conduct and criticizing it from the standpoint of the father. That letter was dated May 19, 1934. It was argued there and here that this letter disclosed a feeling of great disappointment as to the development of Rodney, and an inclination to cease regarding him as a fit subject for the testator's bounty. The adopted father did not go further than to express a hope for a change of conduct so Rodney's actions would be a credit to the name that had been conferred upon the boy by his adoption into the family.

None of the many rules devised to assist in the discovery of testator's intent should be permitted to interfere with the manifest intention disclosed by the will itself, and no rule of construction is more effective to discover the testator's intention than that which requires that words shall be given their plain and ordinary meaning. The words used by the testator in this instance are final and comprehensive, and so clear as to leave no room for extrinsic evidence. 3 Woerner, American Law of Administration (3d ed.), p. 1397, § 421.

The language of the codicil is plain, and the meaning there expressed must control. Nothing is done with respect to the bequest and devise to Rodney or the bequest and devise to Marie except to rearrange the residue so that whatever there is left will be divided between them.

The contention is made that the evidence fairly intimates there will be no residue of consequence after the special legacies have been paid, but the testator was not influenced by that thought. He certainly took $9,000 out of one legacy

and consigned it to the residue. He plainly intended to equalize the distribution of a residue between Marie and Rodney. Whether he had in mind at that time giving real estate in Florida to Marie does not appear, nor is it of any consequence. The adjustment of the distribution between his adopted children was for him to determine, and we are of the opinion that he made his determination sufficiently plain.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order construing the will in accordance with this opinion.

ROSENBERRY, C. J., and FRITZ, J., dissent.