Boyle and others, by Guardian *ad litem*, Respondents, vs. Marshall & Ilsley Bank, Trustee, imp., Appellant.

*November 13—December 8, 1942.*

For the appellant there was a brief by *Churchill, Churchill, Davis & Rapkin* of Milwaukee, and oral argument by *William H. Churchill*.

For the respondents the cause was submitted on the brief of *Fellenz, Worthing & Fellenz* of Fond du Lac.

FAIRCHILD, J. The question presented on this appeal is whether a court may under the terms of the trust established by Julia G. Boyle order that $6,000 be paid to the plaintiffs within the next two years. The plan of the trust is similar to that in a testamentary trust set up by the same settlor and considered in *Estate of Boyle,* 232 Wis. 631, 288 N. W. 257.

The sympathy which anyone who reads the record of this case must feel for the plaintiffs in the situation in which they find themselves cannot alter the operation of rules of law. The settlor of the trust had a right to dispose of her property as she chose, and it is not the function of the court to rewrite the trust instrument with an eye to what it believes a more just distribution of the property. The trust itself makes no ab-

solute provision for these infant plaintiffs; the provisions for these children are conditioned and take effect upon their reaching the age of thirty. Until that time the trustees are ordered to pay one half of the income to Francis Boyle and to keep the other half to add to the corpus. The trust instrument, then, makes no provision for the payment of this money. Does sec. 231.21, Stats., allow the court to disregard the settlor's directions on what shall be done with the second half of the income? We conclude that it does not and that therefore the judgment of the trial court must be reversed. Sec. 231.21 (2) provides that an act of the trustee in contravention of the terms of the trust shall be void except "in case a beneficiary is an infant whose maintenance and education is not sufficiently provided for by the trust, and said infant has no other property and no parents able to provide him suitable maintenance or education, . . . the court having jurisdiction over the trust estate, may, if in his judgment the rights and interests of others in said trust, will not be thereby prejudiced, authorize" an appropriation for the care and education of such beneficiary. Without going into the question of whether in this case the infants' parents are unable to provide for them suitably, it would seem obvious from a reading of the section of the statutes above quoted as well as from a reading of sub. (4) of the same statute that in order to come under the provision an infant beneficiary must have some absolute and uncontingent interest in the trust estate. The court may provide for anticipating benefits but it may not confer them contrary to the intent of the settlor. Where, as here, the applicant has only a contingent interest in the fund, any advance must necessarily be detrimental to the rights of those who may get the estate in case the contingent interests fail to materialize. This is especially true since the advance is sought on the basis of the depleted financial condition of the applicant. Here plaintiffs may never be entitled to any share in the trust at

all, and to give them $6,000 would be to contravene the intent of the settlor and to prejudice the rights of other beneficiaries of the trust.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.