Estate of Treat: Painter, Appellant, vs. Blum and others, Respondents.

*October 13—November 16, 1948.*

For the appellant there was a brief by *Thomas. W. Pierce* and *Wilkie, Toebaas, Hart, Kraege & Jackman,* all of Madison, and oral argument by *Mr. Pierce* and *Mr. Oscar T. Toebaas.*

For the respondents there was a brief by *Loveland & Benkert* of Monroe, attorneys, and *Clifford G. Mathys* of Madison of counsel, and oral argument by *Mr. Mathys* and *Mr. Arthur C. Benkert.*

MARTIN, J. The sole question raised in the appeal is, who is entitled to the testatrix's jewelry, Grace Painter or the residuary legatees? The answer to this question is in paragraph IV of the will of Nellie S. Treat which provides:

"I give and bequeath to the said Grace Painter all furniture, household goods, ornaments and personal effects located in my dwelling in the city of Monroe of which I shall be the owner and shall be in possession at the time of my death."

In construing a will the most important rule to be followed is, of course, the one which requires that the general intent of the testator, if not inconsistent with some established rule of law or public policy, such, for instance, as that the testator has not used any words which can be so construed as to conform to his intent, must govern.

Nellie Treat gave Grace Painter one of her store buildings and her home upon the condition that Grace Painter continue to care for her as her housekeeper and practical nurse during the remainder of her lifetime (paragraph III). She gave her other store building to the tenants in the building (paragraph II), and she gave all her furniture, household goods, ornaments and personal effects located in her dwelling to Grace Painter, unconditionally (paragraph IV). She gave certain sums of money to the respondents, the Universalist Church of Monroe, Marie Blum, Werner Blum, Eastern Star Lodge, and Monroe Chapter of D.A.R. (paragraph V). Thus, Nellie

Treat made specific bequests of all her estate except for her cash and securities which constituted the residue of her estate.

Paragraph VII provided:

"All of the rest, residue and remainder of my property, of every kind and nature, either real or personal, wheresoever situated, I give, devise and bequeath to the beneficiaries named in paragraph V of this my last will and testament in such proportions as their respective shares bear to the total of the bequests set forth in said paragraph V."

The language of the will indicates that Nellie Treat did not intend to give her jewelry to the residuary legatees. Jewelry could be of no use to the Universalist Church, the Eastern Star Lodge, or the D.A.R., nor would a woman's jewelry be of any use to Werner Blum. These legatees could only sell the jewelry and use the money derived from the sale. The jewelry could not be divided among the residuary legatees in accordance with the terms of the will. The jewelry would have to be sold and the money divided.

The words "furniture, household goods, ornaments and personal effects" must be given their ordinary meaning. *Estate of Melville* (1940), 234 Wis. 327, 291 N. W. 382; *Will of Buchanan* (1933), 213 Wis. 299, 251 N. W. 250. It is stated in *Benner v. Mauer* (1907), 133 Wis. 325, 329, 113 N. W. 663:

"The familiar rule that 'words which are plain and in their literal sense lead to no inconsistent or absurd consequences must be presumed to have been used in their common and ordinary meaning, and such presumption must absolutely prevail,' precludes ascribing to a written instrument a meaning out of the ordinary sense thereof, and renders all efforts to do so wholly illegitimate, in advance of ambiguity appearing."

When the words "furniture, household goods, ornaments and personal effects" are given their common and ordinary meaning and are read with the entire will, they plainly include testatrix's jewelry. They are not in conflict with any other

part of the will, they lead to no inconsistent or absurd results, and there is no reason for judicial construction of the will. See 57 Am. Jur., Wills, p. 716, sec. 1121, and p. 719, sec. 1124.

The jewelry, therefore, under the will should be awarded to the appellant, Grace Painter.

*By the Court.*—Judgment reversed, and trial court ordered to enter judgment according to this opinion.

BROADFOOT, J., took no part.