Estate of Miller : Sharp, Executor, Appellant, v. Estate of Miller and others, Respondents.

*May 4—June 7, 1960.*

For the appellant there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *Richard J. Gould.*

For the respondents there was a brief by *Brunner & Strossenreuther* of Shawano, and oral argument by *O. B. Strossenreuther.*

BROADFOOT, J.  The trial court made no attempt to define the words "at the time of the probate of this will." The words "probate of a will" have been defined in other jurisdictions and our attention is directed in the briefs to some of the decisions.  No claim is made that any Wisconsin case has dealt with the exact wording or has attempted to define the same.  We agree with the trial court that it is unnecessary to do so at this time.

The appellant cites as a rule of law that a provision in a will is not to be so construed as to cut down a gift made in

positive and clear terms in a prior provision unless it does so by the use of words definite in meaning. In support of this rule he cites *Estate of Moore,* 138 Wis. 602, 120 N. W. 417, and *Will of Richter,* 215 Wis. 108, 254 N. W. 103.

The appellant contends that the words "at the time of probate" are incapable of being definite in meaning unless they relate back to the date of testator's death. He calls attention to many contingencies that might happen, such as a will contest, a failure of those having custody of the will to produce the same, the unavailability of attesting witnesses, or the reluctance of heirs to promptly commence proceedings after the testator's death. Thus, the human factor might in some cases defeat a testator's intent. It is therefore contended that the testator, when he used the words "at the time of the probate of this will," was referring to the date on which his will took effect—in other words, the date of his death.

Again the appellant cites a fundamental rule of law that the will, once admitted to probate, becomes effective as of the date of the testator's death, and it is contended that the testator expected the will to speak from the time of his death since he did not plainly manifest a contrary intent. To bolster the argument the appellant cites another well-established rule that the law favors early vesting of estates and from that concludes that where it is not clear from the language of the will the same is to be construed as referring to the legatee's death before that of the testator. Under that construction the actual date of death of Alice Sharp would be immaterial since she survived the testator.

The respondents do not quarrel with the rules of law cited by the appellant, nor did the trial court. The respondents quote from decisions in Wisconsin cases that state fundamental rules to be applied to the construction of wills. One quotation is from the *Richter Case, supra,* cited by the

appellant upon another point, wherein this court said (p. 111):

"Certain rules of construction may be passed with simply a statement of them, as they are too well established to warrant extended consideration. The first is that all rules of construction yield to the cardinal rule that the words of a will are to be construed so as to give effect to the intention of the testatrix, which intention is to be ascertained from the language of the will itself, in the light of the circumstances surrounding the testatrix at the time of its execution."

We have read the entire will, as did the trial court, having in mind that the testator's intent is to be determined from the language used therein wherever possible. We are satisfied that the trial court was correct in its construction thereof. Had the testator meant that the persons named in article Two need only survive him, that intent could have been expressed in clear and unmistakable language. We can only conclude that the testator meant by the language in his will to postpone the effective date of the gifts to the persons named in article Two at least until some proceeding had been commenced toward the probate thereof. It is unnecessary at this time to determine whether that meant the date the will was admitted to probate or the date of some further proceeding therein. Since Mrs. Sharp died before any proceeding had been taken, she acquired no interest in the estate prior to her death.

*By the Court.*—Order affirmed.