WILL OF WRIGHT: STATE DEPARTMENT OF PUBLIC WEL-
FARE, Appellant, v. FIRST NATIONAL BANK OF CHIP-
PEWA FALLS, Trustee, Respondent: AMERICAN BIBLE
SOCIETY, Defendant.

*December 2, 1960—January 10, 1961.*

For the appellant there were briefs by *Frank P. Fosgate,* collection and deportation counsel, and *Charles C. Lubcke* and *Clarence Simon,* assistant counsel, and oral argument by *Mr. Simon.*

For the respondent there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Richard H. Stafford.*

BROWN, J. The department concedes that Samuel C. Wright in his lifetime and his estate thereafter were not liable, apart from the terms of the trust, for Alfred Wright's support in the county hospital but the department says that the will set up the trust solely to supply Alfred's comforts and necessities; his maintenance in the hospital is a comfort and a necessity to him; therefore the application of the trust fund to the expense of Alfred's maintenance there carries out the purpose of the trust.

A reading of the trust clauses of the will must convince the reader that the fund is *not* to be spent for the ordinary expense of Alfred's hospitalization. They expressly declare that the fund is to be conserved for benefits *not* provided at public expense. It is *only* the specified extra comforts and necessities which are to be financed by the trust. Any interpretation of the trust provisions which permits the use of the fund to pay for Alfred's ordinary maintenance as a charity patient is directly contrary to the settlor's express direction and desire.

In re *Estate of Treat* (1948), 253 Wis. 527, 529, 34 N. W. (2d) 685, we said:

"In construing a will the most-important rule to be followed is, of course, the one which requires that the general intent of the testator, if not inconsistent with some established rule of law or public policy, . . . must govern."

We know of no public policy to prohibit a person who is not liable for the support of a charity patient in a public institution to give to the patient extra comforts or luxuries or, at need, necessities which the institution does not furnish nor do we find a public policy to seize such gifts before the patient has received them.

Appellant relies principally on sec. 231.21 (2), Stats., to support its contention that the trust fund may be appropriated regardless of the intent of the testator. The pertinent part of that section is:

". . . in case a beneficiary is an adult whose maintenance is not sufficiently provided for by the trust, who has become, or is unable to take care of himself the court having jurisdiction over the trust estate, *may*, if in his judgment the rights and interests of others in said trust, will not be thereby prejudiced, authorize and adjudge the appropriation and application of so much of the trust fund, or the income thereof, or the proceeds of the trust property, or the principal of such loans as are hereinafter provided for, as he may deem necessary or proper for the care, maintenance, or education of such beneficiary, to be used for said purpose, . . ." (Italics supplied.)

The use of the word *may* in the above statute gives certain discretionary powers under certain conditions to the court having jurisdiction of the trust, enabling the court to apply trust funds to the support of a beneficiary. One such condition of the use of the discretionary power is that, in the judgment of the court, the rights and interests of others will not be prejudiced by such use of the fund. It is obvious that the transfer of the fund to the department to reimburse the department for the cost of Albert's maintenance wipes out the contingent remainder of the American Bible Society, thus prejudicing its right to receive any part of the fund remaining at the termination of the trust.

The county court did not file a written opinion supporting the order denying the department's petition but it can hardly be supposed that the court overlooked that the right and interest of the Society would be prejudiced by the disposition of the fund which the department seeks. The court, too, might conclude that the terms of the will ought to be carried out and that the fund should remain intact in the trustee's hands, available to meet extraordinary necessary or desirable expenses beyond the hospital's ability or disposition to incur (for example, expensive medical services), or to meet the condition of a delivery of the fund to Alfred if he recovers his sanity. And to grant the department's petition destroying the trust would destroy also Samuel C. Wright's purpose to save his son from a pauper's grave.

We have held frequently that in Wisconsin a right to make a will is a sacred and a constitutional right and that right includes a right of equal dignity to have it carried out. *Will of Rice* (1912), 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; *Estate of Ogg* (1952), 262 Wis. 181, 186, 187, 54 N. W. (2d) 175.

In any event the county court did not exercise its power to appropriate the fund which, at the most, was a discretion-

ary power and the department has not contended that the court abused its discretion in denying the department's application.

Whatever the interest which Alfred has in the trust fund, it is not such an interest which permits the fund to be appropriated for his support in the institution. In *Estate of Boyle* (1939), 232 Wis. 631, 640, 288 N. W. 257, the petitioner was the beneficiary. He attempted to have the court order the immediate use of the fund for the payment of his debts, contrary to the terms of the trust instrument. He contended that sec. 231.21 (2), Stats., authorized such an order. In response we said:

"The petitioner cannot possibly place himself within reach of the provisions of sec. 231.21 (2), Stats. He has no interest which can be appropriated to him, no interest which can be sold, and nothing that can be used as a security for a loan."

Respondent also refers us to *Boyle v. Marshall & Ilsley Bank* (1942), 242 Wis. 1, 4, 6 N. W. (2d) 642. There we held that in order to come under the provision of sec. 231.21 (2), Stats., the beneficiary must have an absolute and uncontingent interest in the trust estate.

So, here, Alfred's interest has the same limitations as those in the two *Boyle Cases* and is not within the provisions of that statute.

Appellant calls our attention to sec. 231.11 (8), Stats., reading as follows:

"It shall be unlawful to limit or restrict in any manner whatsoever the use of real or personal property or the rent or income thereof, owned, possessed, or enjoyed by any person to the extent of depriving the state department of public welfare or county of legal settlement of its right to recover the actual per capita cost of maintenance furnished an inmate of any state institution, or any county institution, in which the state or county of legal settlement is chargeable with all or a part of the inmate's maintenance."

We find no help for the department there. Samuel C. Wright was not liable for the support of his son in the institution. The department concedes it. The department, then, has no right to recover from him the cost of Alfred's maintenance. Consequently the terms of the trust do not deprive, limit, or restrict the department in any such right. Contrary to appellant's contention, we conclude that the restrictions expressed in the trust instrument do not violate sec. 231.11 (8), Stats., because they do not deprive the department of any right which it would otherwise have.

We conclude the order of the county court must be affirmed.

*By the Court.*—Order affirmed.