IN the MATTER OF the Ralph HOLMQÜIST TRUST: Christine BENNETT, Trustee, Appellant,

v.

SAWYER COUNTY and Trempealeau County, Respondents.

Court of Appeals

*No. 83–2257. Submitted on briefs June 4, 1984.—
Decided September 11, 1984.*
(Also reported in 357 N.W.2d 7.)

For the appellant the cause was submitted on the briefs of *Joe Thrasher* and *Katherine M. Stewart* of Rice Lake.

For the respondent Sawyer County the cause was submitted on the brief of *Thomas E. Van Roy,* district attorney, of Hayward.

For the respondent Trempealeau County the cause was submitted on the brief of *LaVerne Michalak,* district attorney, of Whitehall.

For the life beneficiary the cause was submitted on the brief of *Howard P. Hilden,* guardian ad litem.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Christine Bennett, trustee of the Ralph Holmquist trust, appeals an order requiring her to make additional payments from the trust to cover Sophie Holmquist's expenses a⸱ the Trempealeau County Health Care Center. Sophie is B  nett's mother, Ralph's widow, and the trust's beneficiaɪy. Bennett, who is entitled to any amount remaining in the trust when Sophie dies, contends that the court does not have the authority to order her to make the additional payments. Because the court's order is authorized by sec. 701.13(2), Stats., we affirm the order.

Section 701.13(2), Stats., provides:

Application of Principal to Income Beneficiary. Unless the creating instrument provides to the contrary, if a beneficiary is entitled to income or to have it applied for his benefit, the court may make an allowance from principal to or for the benefit of such beneficiary if his support or education is not sufficiently provided for, taking into account all other resources available to the beneficiary.

All of the conditions in sec. 701.13(2) are met in this case. The creating instrument, Ralph's will, did not prohibit the use of trust principal for Sophie's support. In fact, Ralph specifically authorized Bennett to use principal, if needed, for Sophie's comfortable support. Sophie is also entitled to $300 per month from the trust,

which Ralph refers to in his will as income. This $300, along with the $308 Sophie receives each month from social security, is not enough to meet her needs. There is no evidence that she has any other resources.

We recognize that the use of additional trust assets for Sophie's support will reduce the amount Bennett receives when Sophie dies. It may well use up trust assets on which Bennett has already paid an inheritance tax. This does not, however, allow us to ignore the clear language of the statute. *See State ex rel. Milwaukee County v. Wisconsin Council on Criminal Justice,* 73 Wis. 2d 237, 242, 243 N.W.2d 485, 488 (1976). It was up to Ralph to avoid this result if that is what he wanted.

We do not construe sec. 701.13(2) to require that a trust beneficiary be entitled to all of the trust income before a court can make an additional allowance to the beneficiary. An entitlement to some of the trust income is still an entitlement to income. If the legislature had wanted to restrict the court's authority in such a manner, it could have easily done so. When the apparent purpose of a statute is to broaden the court's authority to aid persons in need of basic support, we will not defeat that purpose by an unnecessarily restrictive construction of the statute.

We reject Bennett's argument that the county's primary responsibility for Sophie's care under sec. 51.42 (1)(b), Stats., is a "resource" within the meaning of sec. 701.13(2). To the extent that "resource" is ambiguous and requires our construction, we must construe it to avoid an absurd result. *Labor and Farm Party v. Elections Board,* 117 Wis. 2d 351, 358, 344 N.W.2d 177, 180 (1984). We consider absurd any result that shifts responsibility to the public to support one of its members who has private assets available for her support. Bennett's proposed construction would also be inconsistent

with the county's right to recover sec. 51.42 benefits under sec. 46.10, Stats. *See* sec. 51.42(1)(b), Stats.

Bennett's reliance on *In re Wright's Will*, 12 Wis. 2d 375, 107 N.W.2d 146 (1961), is misplaced. Wright's involved an extras trust, a different statute, and different will language. Wright's will prohibited the use of trust assets for the beneficiary's institutional care while Ralph's will authorized the use of trust principal for Sophie's support.

*By the Court.*—Order affirmed.