MAYNARD, Respondent, vs. DE VRIES, Defendant:
COLUMBIA COUNTY, Appellant.

*February 10—March 9, 1937.*

For the appellant there was a brief by *Arno J. Miller*, attorney, and *Grady, Farnsworth & Walker* of counsel, all of Portage, and oral argument by *Mr. Walter H. Farnsworth* and *Mr. Miller*.

For the respondent there was a brief by *Bogue, Sanderson & Kammholz* of Portage, and oral argument by *T. C. Kammholz* and *David Bogue*.

ROSENBERRY, C. J. The injuries complained of were due to an accident which occurred on June 25, 1935. On the

8th day of July, 1935, plaintiff served notice of injury upon Columbia county and filed the same with the clerk. The county board treated this notice of injury as if it were a notice of claim, although it was not verified, and on November 19, 1935, disallowed it. The action was begun by the service of a summons and complaint on December 26, 1935. On February 18, 1936, the plaintiff filed a verified claim which the county board disallowed on the same day. The answer of the defendant county was served March 21, 1936. In the notice of injury filed July 8, 1935, the damages were alleged to be $2,050. In the claim filed February 18, 1936, the damages were alleged to be $4,000. In the complaint plaintiff prayed judgment for $4,000. Upon the trial, the county clerk of Columbia county testified that the notice of injury was filed in his office July 16, 1935; that a claim for a larger sum was filed on February 18, 1936, being the verified claim known as "Exhibit 11." On the introduction of this testimony, counsel for the defendant county objected on the ground that the claim so filed was not a compliance with the statute, and that the board was without authority under the statute to act upon the claim. After some colloquy the court stated: "As to the objection, let the record show that I will overrule it." The county clerk then testified to the report of the committee on judiciary, both as to the first and second claim. Thereupon counsel for the plaintiff said: "We offer in evidence the combined claim, the claim for injury, and we offer in evidence the exhibits, 1 to —— only two of which have been offered before."

The Court: "Received."

The attorney for the county then said: "We move to dismiss for the reason that plaintiff failed to comply with the statutory requirements before commencing suit."

The Court: "Motion denied."

We state the procedure somewhat in detail, as counsel for the plaintiff claims there was no objection to the testimony.

Certainly the objection made is sufficient in view of the statement by the court that it would overrule it—and the motion to dismiss the action on the ground that the claim was not properly verified and filed raised the precise question.

"Sec. 59.76 *Claims against counties; actions on; disallowance.* (1) No action shall be brought or maintained against a county upon any account, demand or cause of action . . . unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law. . . ."

Sec. 59.77 provides for the filing of a statement and that—

". . . Such statement shall be verified by the affidavit of the claimant, his agent or attorney, and filed with the county clerk; and no such claim against any county shall be acted upon or considered by any county board unless such statement is so made and filed." Sec. 59.77 (1) (a).

We see no escape from the conclusion that this action was prematurely brought and cannot be maintained. Under the provisions of these sections, when the instant action was begun on December 26, 1935, there was no cause of action in existence in favor of the plaintiff against Columbia county. Furthermore, the statute prohibited the commencement of any action or its maintenance after it was commenced without first filing a claim. Unless we ignore the plain letter of these statutory provisions, the contention of the defendant county must be sustained. Nor can the contention of the plaintiff that there was no proper objection be sustained. The allegation of the complaint was:

"That notice of said injury and demand for compensation for the same was timely and duly and properly made as required by the statutes of the state of Wisconsin, such notice and demand for compensation being served upon and made notifying the county of Columbia and the towns of Marcellon and Wyocena and demanding compensation from each of said towns and said county for the said injuries received."

These allegations of the plaintiff's complaint were denied and it was further alleged:

"That plaintiff has failed to comply with the statutes of the state of Wisconsin in presenting and filing her claim against said county of Columbia."

As already indicated, there was objection by the defendant county at the trial which properly raised the question. Plaintiff did not seek to amend its complaint by setting up the filing of the claim after the commencement of the action. Its position would not have been improved if it had. The filing of a verified claim is under the statutes of this state a condition precedent to the existence of a cause of action. *Bunker v. Hudson* (1904), 122 Wis. 43, 99 N. W. 448; *Hogan v. Beloit* (1921), 175 Wis. 199, 184 N. W. 687; *Stone v. Langlade* (1923), 181 Wis. 104, 193 N. W. 980; *Joyce v. Sauk County* (1931), 206 Wis. 202, 239 N. W. 439. See also cases collected in *American Bonding & Trust Co. v. Gibson County* (C. C. A.), 145 Fed. 871, 7 Ann. Cas. 524.

The county itself cannot waive these statutory requirements. *Outagamie County v. Greenville* (1890), 77 Wis. 165, 45 N. W. 1090; *Northern Trust Co. v. Snyder* (1902), 113 Wis. 516, 89 N. W. 460.

Plaintiff relies upon *Welch v. Oconomowoc* (1928), 197 Wis. 173, 221 N. W. 750. That was an action to set aside a special assessment levied to pay for the installation of an ornamental lighting system. No claim was filed before the commencement of the action. Sec. 62.12 (8) (a), Stats. 1927, provided:

"All claims and demands against the city shall be itemized, verified by the oath of the claimant or someone in his behalf, and filed with the clerk, who shall deliver the same to the comptroller for examination."

Sec. 62.25 (1) (a), Stats. 1927, provided:

"No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part."

In the *Welch Case,* claim was filed and disallowed after the commencement of the action and the complaint amended. It does not appear that the attention of the court was directed to the provisions of sec. 62.25. In any event, the provisions of sec. 59.76 are much stricter than those of sec. 62.25. In the instant case the allegation of the complaint that demand for compensation was timely and duly and properly made was not sustained by proof that a verified claim was filed after the action was begun.

The trial court should have granted the defendant's motion to dismiss the complaint.

The plaintiff moved to dismiss the appeal of Columbia county on the ground that it was not authorized. On May 7, 1936, the county board of Columbia county adopted the following resolution:

"Be it resolved, that the district attorney be directed to engage Walter Farnsworth to assist in studying the transcript of the Maynard trial and if in the judgment of himself and Mr. Farnsworth there are grounds for an appeal to the state supreme court that said district attorney is hereby authorized by this board to file such an appeal."

Plaintiff relies upon *Duluth, South Shore & Atlantic R. Co. v. Douglas County* (1899), 103 Wis. 75, 79 N. W. 34. It is considered that this case does not sustain plaintiff's position. In that case the county board adopted a resolution authorizing an appeal to be taken "if desired by the officers of the city of Superior." The matter was referred to the finance committee of the board with power to consult with the city officers and to further act. The court said:

"The power with which the committee were clothed was purely ministerial and executive, so we need not spend time to vindicate the authority of the board to delegate it. . . . The committee, under the circumstances, was the mere instrument of the board to carry out or execute its will, not to pass upon and determine a matter resting in its discretion."

In this case the county board by the adoption of the resolution set out directed an appeal to be taken "if in the judg-

ment of the district attorney and Mr. Farnsworth" there were grounds for an appeal. The district attorney and Mr. Farnsworth thought there were such grounds, and the appeal was taken pursuant to the direction of the county board accordingly. It is considered that this was a sufficient authorization.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.