Lydia M. ZINKE, Plaintiff-Appellant,

v.

MILWAUKEE TRANSPORT SERVICES, INC., Defendant-Respondent,

MILWAUKEE COUNTY, Intervenor.  [Case No. 79–1544.]

Ruby Jean DAVIS by Miriam L. Eisenberg, and Rubbie Lee Neal, her mother, Plaintiffs-Appellants,

v.

MILWAUKEE TRANSPORT SERVICES, INC., a Wisconsin corporation and Ann Hauf, Defendants-Respondents,

MILWAUKEE COUNTY, Intervenor.† [Case No. 79–1762.]

Court of Appeals

*Nos. 79–1544, 79–1762. Submitted on briefs September 10, 1980.— Decided November 10, 1980.*
(Also reported in 299 N.W.2d 600.)

† Petition to review denied.

For the plaintiff-appellant Zinke the cause was submitted on the brief of *Brennan & Collins,* with *James P. Brennan* of counsel, of Milwaukee.

For the plaintiff-appellant Davis the cause was submitted on the brief of *M. L. Eisenberg & Assoc.,* of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *William J. Katt,* with *Kasdorf, Dall, Lewis & Swietlik S.C.* of Milwaukee.

For the intervenor the cause was submitted on the brief of *James J. Bonifas,* Corporation Counsel Office, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J.   These cases were consolidated by this court on its own motion because they are controlled by the same issue: Are the plaintiffs barred from prosecuting their personal injury claims against Milwaukee Transport Services, Inc. (Transport) for failure to timely file a claim with the clerk of Milwaukee county pursuant to sec. 345.05(3), Stats.? We hold that they are and affirm the trial courts.

Appellant Davis sustained injuries on April 1, 1976, when the Transport bus on which she was a passenger collided with an automobile, and action was commenced on October 5, 1976, against Transport and the automobile driver. Appellant Zinke was injured on April 6, 1976, while exiting from a Transport bus, and action was commenced on March 28, 1979, against Transport. In each action Transport moved for summary judgment

alleging that it was an agency of Milwaukee county,[1] and therefore the plaintiffs were required to file a claim with the clerk of Milwaukee county as a condition precedent to suit. The trial courts agreed, and granted summary judgment on the merits.

Section 345.05, Stats., applies when damages proximately result from and are occasioned by the negligent operation of a motor vehicle owned and operated by certain governmental organizations, including counties, in the course of the governmental organization's business. When such damages arise, the injured person must file a claim for damages against the responsible governmental organization in the manner, form, and place specified in sec. 345.05(3) before an action for those damages can be brought or maintained.

In 1976 when appellant Davis commenced her action, sec. 345.05(3) referred to secs. 59.76 and 59.77(1), which stated that no action could be brought or maintained against a county until a written claim had been filed with the county clerk and disallowed by the county board. Davis concedes that she never filed a statement of claim with Milwaukee county, but argues that she never had to because sec. 345.05 never applied in the first instance.

In 1979 when appellant Zinke commenced her action, sec. 345.05(3), Stats., referred to sec. 895.43,[2] which also provided that no action could be brought or maintained against a county until a claim had been filed with the county clerk and disallowed by the county board. Additionally, a written notice of injury had to be given

---

[1] As intervenor in both cases on appeal, Milwaukee county has similarly argued that Transport is an "agency" of Milwaukee county.

[2] Ch. 285, Laws of 1977, effective November 8, 1978. This section has since been amended to specify sec. 895.43 as the notice procedure for all governmental organizations prescribed by sec. 345.05. Sec. 773, ch. 221, Laws of 1979.

to the county within 120 days of injury, unless the
county had actual notice and the claimant can show no
prejudice to the county due to failure to give notice
of injury. Therefore, the primary issue as to Zinke
is whether her action is barred because she never gave
notice to Milwaukee county pursuant to sec. 895.43. Zinke
aligns with Davis in arguing that she never had to give
notice to Milwaukee county because sec. 345.05 never
applied in the first instance.

## I.   APPLICABILITY OF SECTION 345.05, STATS.

Both appellants contend that sec. 345.05, Stats., is
inapplicable to their claims in the first instance because
they are seeking recovery from Transport, a private
corporation, and not from Milwaukee county, a govern-
mental organization prescribed by sec. 345.05. The cru-
cial inquiry is whether the buses here involved were
"owned and operated" by Milwaukee county, bringing
appellants' damage claims within sec. 345.05.

In 1975, Milwaukee county acquired the operating as-
sets of Milwaukee & Suburban Transport Corporation
for the purpose of establishing a public transportation
system in the county. Pursuant to sec. 59.698, Stats.,
Milwaukee county entered into an agreement, effective
July 1, 1975, whereby Transport was to manage and
operate the public transportation system under the su-
pervision of the Milwaukee County Transit Board.

The county obtained and retained title, ownership, use
and possession of all properties "now or hereafter ac-
quired for the purpose of said public transportation sys-
tem"; reserved the sole authority to set the fare to be
charged, routes to be operated and the "extent and man-
ner" of services to be furnished; agreed to provide the
working capital and funds necessary for operation of
the transportation system; was to be named as an addi-

tional insured under any insurance coverage purchased by Transport; bore all expenses, including reasonable legal fees, incurred in the corporate organizing of Transport; and agreed to indemnify Transport for any uninsured liability to third parties arising out of operation of the transportation system.

Transport became the employer of "all management, supervisory and operating personnel necessary to operate said public transportation system";[3] was authorized to administer, subject to county approval, "all labor and other contractual obligations necessary for the operation of said system"; was authorized to make payment of all operational expenses; and was to "obtain and maintain in force at all times such insurance, indemnity and bonding coverage, including fidelity bonds, and in such amount as previously maintained by Milwaukee & Suburban Transportation Corporation."

Transport was to account to the county for all revenue received from operation of the system; to notify the county of needed equipment and supplies to be purchased pursuant to the county's purchasing policy; to give monthly operating and financial statements to the county; to maintain and furnish all records of operation for inspection and audit by the county; and to subject all negotiated employment agreements to the county for approval.

The question here is not one of common law agency with its distinction between servants and independent contractors,[4] but one of statutory classification: were

---

[3] The agreement further provided: "On the effective date of this agreement, Transport will assume the employment of all persons who are then employees of Milwaukee & Suburban Transport Corporation at their compensation in effect immediately prior thereto by Milwaukee & Suburban Transport Corporation."

[4] *See, e.g., Arsand v. City of Franklin,* 83 Wis.2d 40, 264 N.W.2d 579 (1978).

the buses here involved "owned and operated" by Milwaukee county? Ownership is not disputed and we hold as a matter of law that the affidavits and records establish that Milwaukee county retained such control of Transport that the buses here involved were "operated" by the county.[5] Section 345.05, Stats., applies to the damages suffered by both appellants, and notice of claim had to be given to the clerk of Milwaukee county before either action for damages could properly be brought or maintained.

This holding disposes of Davis' appeal. We now turn to two additional arguments made by appellant Zinke and not raised by Davis.

## II. NOTICE AS CONDITION PRECEDENT

On June 9, 1976, more than two months after her injury, appellant Zinke sent a letter to the clerk of Milwaukee county informing the county of the existence and extent of her injuries proximately resulting from the negligent operation of a Transport bus. Despite

---

[5] Respondents point out that sec. 345.05(2) (a), Stats., provides: "For the purposes of this subsection, a motor vehicle shall be deemed owned and operated by the state or a municipality if such vehicle is either being rented or leased, or is being purchased under a contract whereby the state or municipality will acquire title," and urge us to base a finding of ownership and operation on the contractual provision that the county is to have ownership and title in all public transportation "now or hereafter acquired."

This statutory provision, first enacted by ch. 605, Laws of 1957, seems to allow both ownership and operation to be established by facts relevant only to ownership, contrary to prior interpretations holding that identical language in similar statutes requires separate proof of both ownership and operation. *See Jorgenson v. Sparta*, 224 Wis. 260, 271 N.W. 926 (1937); 37 Op. Atty. Gen. 162 (1948). Because we find that the affidavits and records in these cases are sufficient to separately establish both ownership and operation, we do not address respondents' contention.

clear applicability of secs. 59.76 and 59.77(1), Stats., in 1976, the letter concluded with the following paragraph: "We give you this Notice pursuant to Section 895.43 of the Wisconsin Statutes and will be presenting a claim for damages at a later time." After commencement of the action in 1979, Zinke filed a statement of claim in the manner and place specified by sec. 895.43(1)(b).

Zinke argues that it is not necessary that a written claim be filed and disallowed before an action can be commenced as long as the claim has been filed and disallowed before the issue is brought before the court. She relies on *Schwartz v. City of Milwaukee*, 43 Wis.2d 119, 168 N.W.2d 107 (1969), which held that under sec. 62.25, Stats. (1965), filing of a notice of claim against a city was a condition precedent to recovery, but not to commencement of the action. *Id.* at 128, 168 N.W.2d at 111. She concedes that the language of sec. 62.25, "No action shall be maintained" differs from that of sec. 59.76 and its successor, sec. 895.43, "No action shall be brought or maintained" but urges this court to interpret "brought" to mean the same thing as "maintained," so that *Schwartz, supra,* controls.

Our supreme court has stated that sec. 59.76, Stats., is much stricter in its provisions than sec. 62.25. *Maynard v. De Vries*, 224 Wis. 224, 229, 272 N.W. 27, 29 (1937). In *Rabe v. Outagamie County*, 72 Wis.2d 492, 241 N.W.2d 428 (1976), our supreme court emphasized the clear distinction between the different claim statutes for cities and counties:

The rationale of *Schwartz* was that a claimant may institute a suit before compliance with sec. 62.25 is complete, and this noncompliance is no grounds for dismissal if conformance is achieved before the question of compliance is raised.

*Schwartz,* however, clearly distinguished this procedure from the mechanics of conformance with sec. 59.-

■

76, Stats. The county claims statute reads "No action *shall be brought* or maintained" without a claim being filed and disallowed. In *Maynard v. De Vries* (1937), 224 Wis. 224, 227, 272 N.W. 27, the failure to comply with sec. 59.76 before commencement of the action was fatal notwithstanding compliance attempts afterwards. *Schwartz* acknowledged that if the language of a statute, such as in *Maynard,* deals with commencement of an action, then the failure to comply with its provisions before the suit is brought requires that the complaint be dismissed. *Schwartz, supra,* at 126, 127. *Rabe, supra,* at 498–99, 241 N.W.2d at 432. [Emphasis in original.]

The pertinent language of sec. 895.43 is identical to that of sec. 59.76. We decline to adopt the construction urged by Zinke and rejected by our supreme court in 1937 and 1976.

Zinke also argues that when she sent her June 9, 1976 letter to the clerk of Milwaukee county, she substantially complied with the notice of claim requirement. A similar contention was rejected by our supreme court in *Pattermann v. City of Whitewater,* 32 Wis.2d 350, 358–59, 145 N.W.2d 705, 709 (1966) :

"Implicit in the requirements of secs. 59.76 and 59.77 is that *the amount of the claim be stated in dollars and cents,* because without this it would be impossible for the county board to properly allow the claim." [Emphasis in original.]

Therefore, we hold that the document served and filed by the plaintiff constituted a notice of injury and not a claim. [Footnotes omitted.]

From the last paragraph of Zinke's letter, it is obvious that on June 9, 1976, she considered the letter to be only a notice of injury and that she contemplated a subsequent filing of a notice of claim. Zinke cannot now contend that her notice of injury, insufficient to give the county an opportunity to properly allow her claim, constitutes a notice of claim sufficiently complying with either sec. 59.76, Stats., applicable on June 9, 1976, or

with sec. 895.43, applicable when she commenced suit in 1979.

Even if Zinke's letter had constituted a claim satisfying the then-applicable county notification statute, her action would still be barred by sec. 345.05(4), Stats. (1975), which required commencement of an action within six months after disallowance. Under sec. 345.05(4), disallowance occurred 90 days after receipt of claim if the county board failed to act on it. Zinke's letter was received in June, 1976, and the county board failed to act on it. Under sec. 345.05(4), (1975), clearly applicable in 1976, the "claim" would have been disallowed in September 1976, and the action could have been brought no later than some time in March 1977. Zinke did not commence her action until 1979.

*By the Court.*—Judgment and order affirmed.