William J. SCHWETZ and Gloria S. Schwetz, husband and wife, Plaintiffs-Appellants,

v.

EMPLOYERS INSURANCE OF WAUSAU, a mutual company, a domestic corporation, and School District of Cadott Community, a municipal corporation, Defendants-Respondents.

Court of Appeals

Nos. 84-1300, 84-2017. Submitted on briefs May 28, 1985.— Decided August 27, 1985.
(Also reported in 374 N.W.2d 241.)

---

[31] *See* secs. 905.03 and 905.11, Stats.

For the appellants there was a brief by *Frank E. Huettner* of Cadott.

For the respondents there was a brief by *Holly Lutz* and *Law Offices of Straub and Schuch* of Wausau.

Before Cane, P.J., Dean and LaRocque, JJ.

DEAN, J.   William and Gloria Schwetz appeal judgments dismissing two separate personal injury actions against the School District of Cadott Community and its insurer, Employers Insurance of Wausau. They also appeal an order[1] denying their motion to amend their first complaint. The actions have been consolidated on appeal. Because we agree that the first action was improperly commenced and that the statute of limitations barred the second action, we affirm.

On September 5, 1980, the Schwetzes were allegedly injured when a portion of bleachers collapsed during a

---

[1] Because we find that the Schwetzes' estoppel claim fails, we do not address whether the court erred by refusing to allow an amendment which would have added the claim to the first action.

high school football game. The Schwetzes presented an itemized relief statement to the clerk of the school district on July 5, 1983. They filed the itemized statement and a summons and complaint with the trial court on September 2, 1983. Following dismissal of the first action, the Schwetzes filed a new action with the trial court on April 27, 1984.

The trial court granted the defendants' motions to dismiss, treating them as motions for summary judgment under sec. 802.08(2), Stats. The trial court found that under sec. 893.54, Stats., the Schwetzes failed to properly commence a personal injury claim within three years from September 5, 1980, the date of the injury. The trial court also found that the Schwetzes' filing of an itemized claim statement and the summons and complaint with the court did not toll the statute of limitations, reasoning that the itemized claim statement was not a "commencement of an action" when it was filed with the trial court.

Our review of an order granting summary judgment is governed by the same standard as that applied by the trial court. *Stern v. Credit Bureau of Milwaukee*, 105 Wis. 2d 647, 651, 315 N.W.2d 511, 514 (Ct. App. 1981). We will affirm a summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Section 802.08 (2), Stats.

The Schwetzes did not properly commence with their first action. Under sec. 893.80(1)(b), Stats., the Schwetzes could not commence a suit unless the school district actually disallowed the itemized relief statement or 120 days had passed since its filing.[2] The Schwetzes

---

[2] Section 893.80 provides in part:

(1) No action may be brought or maintained against any . . . governmental subdivision or agency . . . nor against any officer,

argue that the school district actually disallowed the statement at a July 18, 1983, school board meeting, thereby clearing the way for the lawsuit. The statute specifically provides that actual disallowance must be in writing. The comments made by the board members were not sufficient to disallow the statement. The requirements for suing a governmental body must be strictly adhered to. *See Rabe v. Outagamie County*, 72 Wis. 2d 492, 501, 241 N.W.2d 428, 433 (1976). Because the Schwetzes failed to wait the 120 days required before filing, the trial court correctly dismissed the first action. As a result, the statute of limitations was not tolled because, under the statute, no action was commenced.[3]

official, agent or employe of the . . . subdivision or agency . . . unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision or agency and on the officer, official, agent or employe. . . . Failure to give the requisite notice shall not bar action on the claim if the . . . subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial . . . and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. No action on a claim against any defendant fire company, corporation, subdivision or agency nor against any defendant officer, official, agent or employe, may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect.

[3] The Schwetzes also argue that the statute of limitations was tolled under sec. 893.03, which provides:

The Schwetzes filed their second lawsuit three years and seven months after the alleged injuries. They argue that the general three-year limitation for personal injury actions, sec. 893.54, has no application to injury claims against governmental bodies. Rather, they argue that the provisions of sec. 893.80(1)(b) apply exclusively. This statute provides that no action may be brought after six months from the date notice of disallowance of a claim is served.

Statutes that relate to the same subject must be read together. *State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982). Further, when statutes are ambiguous and require construction, we must construe them to avoid an absurd result. *Bennett v. Sawyer County,* 120 Wis. 2d 588, 590, 357 N.W.2d 7, 8 (Ct. App. 1984). Section 893.80 has no time restrictions on the filing of the itemized statement for relief and, under the Schwetzes' argument, no statute of limitations would operate absent such a filing and notice of disallowance. We therefore read sec. 893.54 as applicable in all personal injury cases and sec. 893.80(1)(b) as an auxiliary limit triggered when the governmental entity serves the notice of disallowance required. The Schwetzes were therefore required to properly file their suit with the

The presentation of any claim, in cases where by law such presentment is required, to the circuit court shall be deemed the commencement of an action within the meaning of any law limiting the time for the commencement of an action thereon.

This statute only comes into play when the law requires the presentment of a claim to the circuit court. *See Casey v. Trecker,* 268 Wis. 87, 100, 66 N.W.2d 724, 731 (1954). The statutes make no such requirement in the Schwetzes' case.

In addition, the Schwetzes argue that the February, 1984, amendment related back to the original filing under sec. 802.09(3) and cured any defect in the original filing. The relation back statute is not applicable here. *See Lak v. Richardson-Merrell, Inc.,* 100 Wis. 2d 641, 644, 302 N.W.2d 483, 485 (1981).

trial court within three years of the September 5, 1980, injury.[4] Consequently the second action, although later filed within the meaning of sec. 893.80, was barred by sec. 893.54.

Next, the Schwetzes argue that the defendants should be estopped from raising the statute of limitations defense. The defendants argue that because the Schwetzes failed to fulfill the statutory requirements of sec. 893.80, the trial court lacked subject matter jurisdiction. They further assert that subject matter jurisdiction cannot be waived under any circumstances. Our supreme court has stated that the requirements of sec. 893.80 do not apply to subject matter jurisdiction. They deal only with the conditions for properly commencing a suit. Whether a proper claim has been filed, the circuit court still has jurisdiction of the subject matter. *Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 51 n. 6, 357 N.W.2d 548, 552 n. 6 (1984). Estoppel therefore may be properly raised as an issue.

A party should be estopped from asserting a statute of limitations defense when the conduct and representations of the appellant were so unfair or misleading as to outweigh the public's interest in setting a limitation on bringing actions. *State ex rel. Susedik v. Knutson,* 52 Wis. 2d 593, 598, 191 N.W.2d 23, 26 (1971).[5] A party's

---

[4] The Schwetzes also argue that the 120-day disallowance rule extends the three-year statute of limitations by 120 days. The 120-day waiting period is one condition precedent to the commencement of a lawsuit. As such, it cannot extend the statutory requirement that personal injury actions be commenced within three years.

[5] *Knutson,* 52 Wis. 2d 593, 596–97, 191 N.W.2d 23, 25–26 (1971), lays out the following six rules that are applied to resolve an estoppel issue:

(1) The doctrine may be applied to preclude a defendant who has been guilty of fraudulent or inequitable conduct from asserting the statute of limitations;

reliance on another's conduct must be reasonable. *Hester v. Williams,* 117 Wis. 2d 634, 645, 345 N.W.2d 426, 431 (1984) (citing *Mohr v. City of Milwaukee,* 101 Wis. 2d 670, 678, 305 N.W.2d 174, 178 (Ct. App. 1981), *rev'd on other grounds,* 106 Wis. 2d 80, 315 N.W.2d 504 (1982)).

Construing the facts in the Schwetzes' favor, we conclude that they are insufficient as a matter of law to raise an estoppel claim. The Schwetzes claim that the insurance company caused their counsel to delay filing a relief statement immediately after the accident. The insurance company allegedly told him that it would be premature to file the statement before the expert report on the accident was released. This alleged statement cannot reasonably be construed to mean that the counsel should ignore the statute of limitations. It is undisputed that the Schwetzes' counsel received the expert's report well before the running of the three-year limitation. The Schwetzes' counsel also claims that he was delayed by insurance company assurances of settlement as late as April 29, 1983. Even if the claims are true, they do not form the basis to delay complying with the statutory requirements. Rather, the Schwetzes' counsel based his delay on his perception of how an action was to be properly commenced. This is not sufficient to support an estoppel claim. *See Hester,* 117 Wis. 2d at 645, 345 N.W. 2d at 431–32. We therefore find that the defendants are

(2) The aggrieved party must have failed to commence an action within the statutory period because of his or her reliance on the defendant's representations or act;

(3) The acts, promises or representations must have occurred before the expiration of the limitation period;

(4) After the inducement for delay has ceased to operate, the aggrieved party may not unreasonably delay;

(5) Affirmative conduct of the defendant may be equivalent to a representation upon which the plaintiff may rely to his or her disadvantage; and

(6) Actual fraud, in a technical sense, is not required.

not estopped from claiming the statute of limitations as a defense.

*By the Court.*—Judgments affirmed.