Marshall FOX, Plaintiff-Appellant,

v.

Eugene SMITH, Miller Christian, Thomas G. Terry,
County of Milwaukee, a municipal corporation and
Milwaukee Transport Services, Inc., a municipal
corporation, Defendants,

CITY OF MILWAUKEE, a municipal corporation,
Defendant-Respondent.

Marshall FOX, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, a municipal corporation,
Defendant-Respondent.

Court of Appeals

*No. 90-0912-FT. Submitted on briefs September 19,
1990.—Decided November 6, 1990.*

(Also reported in 464 N.W.2d 845.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James W. McCann* of the *Law Offices of Alvin H. Eisenberg, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Grant F. Langley,* city attorney, and *Maurita Houren,* assistant city attorney.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. Marshall Fox appeals from a judgment dismissing his complaint against the City of Milwaukee seeking damages for injuries he claims he sustained when the bus on which he was riding collided with an automobile being chased by Milwaukee police officers. The trial court held that Fox's lawsuit against the City was barred by the statute of limitations. We disagree and reverse.

I.

The collision occurred on January 14, 1986. On April 16, 1986, Fox filed a notice of injury with the City, pursuant to section 893.80(1)(a), Stats.[1] Subsequently,

[1]Section 893.80(1)(a), Stats., provides, in pertinent part, that:

582

on August 19, 1988, Fox presented his claim to the City, as required by section 893.80(1)(b), Stats. Section 893.80(1)(b) provides, in pertinent part, that:

> no action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof . . . upon a claim or cause of action unless: . . . [a] claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the . . . corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance.

Fox filed his summons and complaint with the clerk of courts on December 16, 1988. The City, among others, was named as a defendant and was served with the summons and complaint on January 20, 1989.

The City moved to dismiss Fox's complaint against it on the ground that the action had been started too soon because as of December 16, 1988, only 119 days had passed since Fox presented his claim, and the claim had not yet been denied. The trial court agreed and, on May 10, 1989, dismissed without prejudice Fox's complaint against the City. Fox refiled his action against the City on May 25, 1989. This time, the City argued that Fox was too late because the three-year statute of limitations under section 893.54, Stats., had run.[2] The trial court

---

no action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof . . . upon a claim or cause of action unless: . . . [w]ithin 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim . . . is served on the . . . political corporation, governmental subdivision or agency . . . .

[2]Section 893.54, Stats., provides:

granted the City's motion to dismiss.

## II.

 This appeal turns on whether Fox's filing of the original summons and complaint on December 16, 1988, tolled the running of the statute of limitations. The answer to this question is controlled by statute, and our analysis is thus independent of the trial court's determination. *See Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Section 893.13(2), Stats., provides:

> A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

The phrase " 'final disposition' means the end of the period in which an appeal may be taken from a final order or judgment of the trial court." Section 893.13(1), Stats. An action is commenced for statute-of-limitations purposes when, "as to each defendant, . . . the summons naming the defendant and the complaint are filed with the court" provided service is made on that defendant "within 60 days after filing." Section 893.02, Stats.; *see also* Rule 801.02(1), Stats. ("A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the

---

**Injury to the person.** The following actions shall be commenced within 3 years or be barred:

 (1) An action to recover damages for injuries to the person.

 (2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another.

person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing."). Since, absent service of a notice of entry of judgment, an aggrieved litigant has 90 days within which to appeal, sec. 808.04(1), Stats., the "final disposition" of the action Fox commenced on December 16, 1988, was, for purposes of section 893.13(2), not until 90 days after that action was dismissed by the trial court on May 10, 1989. Thus, if section 893.13(2) applies, the three-year statute of limitations was tolled by the initial filing on December 16, 1988, until well after May 25, 1989, when Fox refiled his lawsuit against the City. Accordingly, the refiled action would be timely. The City, however, contends that *Schwetz v. Employers Insurance of Wausau,* 126 Wis. 2d 32, 374 N.W.2d 241 (Ct. App. 1985), renders section 893.13(2) inapplicable. We do not agree.

*Schwetz* was an action to recover for injuries allegedly sustained when bleachers collapsed during a high school football game on September 5, 1980. *Id.,* 126 Wis. 2d at 33-34, 374 N.W.2d at 242. The Schwetzes presented "an itemized relief statement" to the clerk of the school district on July 5, 1983. *Id.,* 126 Wis. 2d at 34, 374 N.W.2d at 242. Subsequently, on September 2, 1983, "[t]hey filed the itemized statement and a summons and complaint with the trial court." *Ibid.* The summons and complaint, however, *named only the school district's insurer;* an amended complaint naming the school district was not filed until January 4, 1984, Brief for Appellant Schwetz at 11, (Nos. 84-1300, 84-2017), which was well after the statute of limitations had run on September 6, 1983 (September 5 was Labor Day).

The Schwetzes' action was dismissed because they did not wait until either the school district had rejected

their claim or the expiration of the 120-day period from their presentment of the "itemized relief statement." *Schwetz,* 126 Wis. 2d at 34–35, 374 N.W.2d at 242–243. The Schwetzes recommenced their lawsuit on April 27, 1984. *Id.,* 126 Wis. 2d at 34, 374 N.W.2d at 242. The trial court ruled that the second action was barred by the applicable three-year statute of limitations. *Ibid.*

We affirmed and held that filing the "itemized statement of relief" with the trial court did not toll the running of the limitations period. *Schwetz,* 126 Wis. 2d at 35, 374 N.W.2d at 243. Although we did state that the Schwetzes' first action was not properly commenced because they "could not commence a suit unless the school district actually disallowed the itemized relief statement or 120 days had passed since its filing," *id.,* 126 Wis. 2d at 34, 374 N.W.2d at 242, it is clear that the Schwetzes, unlike Fox, never timely filed a summons and complaint naming the governmental defendant being sued, which, as we have already seen, is when an action is commenced. *See* sec. 893.02, Stats. Thus, we did not consider, and were not asked to consider, the impact of section 893.13(2), Stats. Our statement, although superficially supporting the City's position here, is thus not precedent. *See Webster v. Fall,* 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been decided as to constitute precedents.").

The provision in section 893.80(1)(b), Stats., that "no action may be brought or maintained" until either the claim is disallowed or the 120-day period has expired merely makes an action premature unless one of those events has occurred. It does not override the clear language of sections 893.13(3) and 893.02, Stats., which combine to toll the statute of limitations whenever an

action is commenced—that is, whenever there is the physical act of filing with the court a "summons naming the defendant and the complaint," provided there is proper service within 60 days.

Sections 893.13(2) and 893.02, Stats., serve the valuable function of preventing the running of a statute of limitations when a timely but otherwise defective action is filed. Fox's filing on May 25, 1989, was well within the time period permitted by section 893.13(2). Accordingly, the trial court should not have dismissed his complaint.

*By the Court.*—Judgment reversed.