Clinton J. COLBY, Plaintiff-Appellant,

v.

COLUMBIA COUNTY, WISCONSIN, and Columbia County Highway Commissioner, Kurt Dey, or his predecessor in interest, Defendants-Respondents.†

Court of Appeals

*No. 93–3348. Submitted on briefs November 8, 1994.—Decided March 2, 1995.*

(Also reported in 531 N.W.2d 404.)

†Petition to review granted.

For the plaintiff-appellant the cause was submitted on the briefs of *Eric A. Farnsworth* of *DeWitt Porter* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Bradley D. Armstrong* and *Paul Voelker* of *Axley Brynelson* of Madison.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

VERGERONT, J.   Clinton Colby appeals from an order dismissing his personal injury action against Columbia County and Columbia County Highway Commissioner Kurt Dey (collectively, Columbia County). The trial court dismissed the action on the ground that Colby's claim accrued more than three years before the commencement of the action and, therefore, the action was barred by the statute of limitations under § 893.54, STATS. Colby contends that under *Fox v. Smith*, 159 Wis. 2d 581, 464 N.W.2d 845 (Ct. App. 1990), the three-year statute of limitations was tolled when he filed a prior action against Columbia County. That action was dismissed without prejudice because it was prematurely filed under the

notice of claim statute, § 893.80(1)(b), STATS. We conclude that *Fox* is controlling and requires that we reverse the trial court.

The relevant facts are undisputed. Colby was injured in a motor vehicle accident that occurred on March 10, 1990, on a Columbia County highway. On February 24, 1993, Colby filed a claim with the clerk of Columbia County pursuant to § 893.80(1)(b), STATS. Section 893.80(1) provides in part:

> [N]o action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof . . . upon a claim or cause of action unless:
>
> . . . .
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the . . . corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance.

On February 26, 1993, Colby and his parents filed a summons and complaint against Columbia County in Columbia County Circuit Court. Columbia County denied the claim on March 17, 1993. It also moved to dismiss the complaint on the ground that it was premature, since Colby had not waited 120 days to file the complaint after filing the claim. The trial court agreed in a memorandum decision dated July 19, 1993. An order of dismissal without prejudice was entered on August 9, 1993, and on August 10, 1993, Colby filed the summons and complaint in this action.

Columbia County moved to dismiss this action on the ground that it was not timely filed under § 893.54,

STATS. The trial court granted the motion to dismiss. It was aware of our decision in *Fox*, which held that § 893.13(2), STATS., tolls the running of a statute of limitations where the first complaint was defective because it was prematurely filed under § 893.80(1)(b), STATS. However, the trial court concluded that *Fox* was in conflict with an earlier Wisconsin Supreme Court decision, *Maynard v. De Vries*, 224 Wis. 224, 272 N.W. 27 (1937), which required dismissal of Colby's second complaint.

This appeal presents issues of statutory interpretation, which we address independently from the trial court's analysis. *Ball v. Dist. No. 4, Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Section 893.13(2) and (3), STATS., provides:

> (2) A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.
>
> (3) If a period of limitation is tolled under sub. (2) by the commencement of an action and the time remaining after final disposition in which an action may be commenced is less than 30 days, the period within which the action may be commenced is extended to 30 days from the date of final disposition.

Commencement of an action for statute of limitations purposes occurs when, "as to each defendant . . . the summons naming the defendant and the complaint are filed with the court," provided service is made on the defendant within sixty days of filing. Section

400

893.02, STATS. The term " 'final disposition' means the end of the period in which an appeal may be taken from a final order or judgment of the trial court." Section 893.13(1), STATS.

If § 893.13, STATS., applies as Colby contends it does, then he had thirty days from the trial court's order of August 9, 1993,[1] dismissing the first complaint to file the second complaint. The thirty-day period of § 893.13(3) would apply because at the time Colby filed the first complaint on February 26, 1993, there were fewer than thirty days left until the expiration of the statute of limitations. The filing of the second complaint on August 10, 1993, is within the thirty-day period.

Columbia County argues that § 893.13, STATS., does not operate to toll the statute of limitations because the filing and service of the first complaint did not constitute "the commencement of the action."

According to Columbia County, since § 893.80(1)(b), STATS., provides that no action may be brought or maintained against a governmental subdivision unless the claim has been rejected or 120 days have passed since it was filed, the commencement of an action did not occur until the filing of the second complaint.

In *Fox*, we held that § 893.13, STATS., tolled the running of the statute of limitations on facts nearly identical to these. A complaint had been filed and served on the municipality within the statute of limitations but was dismissed without prejudice because at

---

[1] The trial court's memorandum decision of July 19, 1993, was not a final order because it expressly contemplated a further order. *See Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 326 N.W.2d 240 (1982).

the time that complaint was filed, the municipality had not disallowed the claim, nor had 120 days passed since the filing of the claim. *Fox*, 159 Wis. 2d at 583, 464 N.W.2d at 846. We considered and rejected the same argument based on § 893.80(1)(b), STATS., that Columbia County makes here. We concluded that § 893.80(1)(b):

> [M]erely makes an action premature unless one of those events has occurred. It does not override the clear language of sections 893.13(3) and 893.02, Stats., which combine to toll the statute of limitations whenever an action is commenced—that is, whenever there is the physical act of filing with the court a "summons naming the defendant and the complaint," provided there is proper service within 60 days.

*Id.* at 586-87, 464 N.W.2d at 848.

Columbia County acknowledges that *Fox* would dictate a ruling in Colby's favor. But Columbia County argues that *Fox* effectively overruled *Maynard*; that the court of appeals may not overrule a decision of the Wisconsin Supreme Court; and that therefore we must follow *Maynard*. We agree with Columbia County that a court of appeals decision overruling a controlling decision of the supreme court is erroneous and usurpative. *State v. McCollum*, 159 Wis. 2d 184, 196 n.6, 464 N.W.2d 44, 48 (Ct. App. 1990). However, we conclude that *Maynard* was not controlling on the issue before the *Fox* court because *Maynard* did not consider or decide the impact of the tolling statute, § 893.13(2), STATS., on the running of the statute of limitations. Indeed, *Maynard* was not concerned with the statute of limitations at all.

In *Maynard*, Columbia County appealed from a judgment against it on the ground that the complaint was filed before the claim was filed with the county board. The court concluded that the notice of claim statute required dismissal of the complaint:[2]

> We see no escape from the conclusion that this action was prematurely brought and cannot be maintained. Under the provisions of these sections, when the instant action was begun on December 26, 1935, there was no cause of action in existence in favor of the plaintiff against Columbia county. Furthermore, the statute prohibited the commencement of any action or its maintenance after it was commenced without first filing a claim. Unless we ignore the plain letter of these statutory provisions, the contention of the defendant county must be sustained.

*Maynard*, 224 Wis. at 227, 272 N.W. at 28.

The court in *Maynard* was concerned with whether an action prematurely filed, before compliance with the notice of claim statute, should be dismissed. It did not consider the effect of that premature filing on the running of the statute of limitations. Nor did it consider § 893.13, STATS., which first became effective

---

[2] The *Maynard* court applied §§ 59.76 and 59.77, STATS., 1935. Section 59.76(1), STATS., 1935, provided in relevant part:

> No action shall be brought or maintained against a county upon any account, demand or cause of action . . . unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law.

Section 59.77(1)(b), STATS., 1935, provided:

> Such statement shall be verified by the affidavit of the claimant, his agent or attorney, and filed with the county clerk; and no such claim against any county shall be acted upon or considered by any county board unless such statement is so made and filed.

on July 1, 1980,[3] nor any similar tolling statute. The *Maynard* court therefore did not decide whether the premature filing of a complaint constituted "the commencement of an action" within the meaning of § 893.02, STATS., such that the tolling provisions of § 893.13 apply. The *Maynard* court's statement that the notice of claim statute "prohibited the commencement of any action or its maintenance after it was commenced without first filing a claim," *Maynard*, 224 Wis. at 227, 272 N.W. at 28, cannot reasonably be interpreted as deciding this issue, an issue not presented to the court.

Columbia County also argues that *Fox* effectively overruled an earlier court of appeals decision, *Schwetz v. Employers Ins. of Wausau*, 126 Wis. 2d 32, 374 N.W.2d 241 (Ct. App. 1985). According to Columbia County, the court of appeals may not overrule its decisions.

In *Schwetz*, we affirmed the dismissal of two actions that had been consolidated for appeal. The first action had been dismissed because it was filed before an itemized relief statement had been denied by the school district or before 120 days had passed since the filing of the relief statement with the school district. *Schwetz*, 126 Wis. 2d at 34-35, 374 N.W.2d at 242-43. The second action had been dismissed because it was filed after the statute of limitations had expired. *Id.* at

---

[3] Section 893.13, STATS., was created by Laws of 1979, ch. 323. Its immediate predecessor, § 893.35, STATS., dealt only with appeals:

> If an action shall be commenced within the time prescribed therefor and a judgment therein for the plaintiff, or the defendant, be reversed on appeal, the plaintiff, or if he dies and the cause of action survives, his heirs or representatives may commence a new action within one year after the reversal.

404

36, 374 N.W.2d at 243. In *Fox*, we acknowledged that there was a statement in *Schwetz* that superficially supported the position of the defendants in *Fox*. The statement was that the Schwetzes' first action was not properly commenced because they "could not commence a suit unless the school district actually disallowed the itemized relief statement or 120 days had passed since its filing." *Schwetz*, 126 Wis. 2d at 34, 374 N.W.2d at 242. But, as we explained in *Fox*, the Schwetzes' first complaint did not name the school district, only the school district insurer:

> Thus, we did not consider, and were not asked to consider [in *Schwetz*], the impact of section 893.13(2), Stats. Our statement, although superficially supporting the City's position here, is thus not precedent. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been [so] decided as to constitute precedents.").

*Fox*, 159 Wis. 2d at 586, 464 N.W.2d at 848.

Just as *Fox* did not overrule *Maynard*, it did not overrule *Schwetz*. *Schwetz*, like *Maynard*, simply did not address the issue presented in *Fox*: whether an action that is filed before the requirements of § 893.80(1)(b), STATS., have been met is nevertheless "commenced" within the meaning of §§ 893.13 and 893.02, STATS. That issue was one of first impression in *Fox*.[4]

---

[4] Columbia County cites many cases besides *Maynard* and *Schwetz* which, it claims, support its position. *See, e.g., Schwartz v. City of Milwaukee*, 43 Wis. 2d 119, 168 N.W.2d 107 (1969); *Zinke v. Milwaukee Transp. Services, Inc.*, 99 Wis. 2d 506, 299 N.W.2d 600 (Ct. App. 1980). But these cases deal only

Columbia County also contends that the interaction between §§ 893.80(1)(b) and 893.13, STATS., creates an ambiguity that requires us to look at the legislative history of both statutes. If we did so, in Columbia County's view, we would agree that § 893.13 was not intended to toll the statute of limitations for Colby's action. This line of argument asks us to come to the opposite conclusion we reached in *Fox*, not because *Maynard* is controlling, but because we were wrong in *Fox*. Having decided that *Maynard* was not controlling on the issue presented to the *Fox* court, we are bound by our decision in *Fox*. In *Fox*, we addressed and decided the issue presented on this appeal. Following *Fox*, we conclude that Colby's second complaint was filed before the expiration of the statute of limitations.

*By the Court.*—Order reversed.

with the effect of particular notice of claim statutes on an action. None deals with the interaction of the statute of limitations, or more particularly, § 893.13, STATS., and the notice of claim statutes.