Ruth JOHNSON, Plaintiff-Appellant,

v.

COUNTY OF CRAWFORD, a municipal corporation, and
Continental Casualty Company, a foreign corporation,
Defendants-Respondents.

Court of Appeals

*No. 95–0144–FT. Submitted on briefs May 2, 1995.—Decided
June 15, 1995.*

(Also reported in 536 N.W.2d 167.)

376

For the plaintiff-appellant the cause was submitted on the briefs of *James W. McCann* of *Eisenberg, Weigel, Carlson, Blau, Reitz & Clemens, S.C.* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Robert D. Johns, Jr.* of *Johns & Flaherty, S.C.* of La Crosse.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

VERGERONT, J.   Ruth Johnson appeals from a judgment dismissing her personal injury action against Crawford County and its insurer, Continental Casualty Company.[1] The trial court dismissed the action on the ground that it was not filed within three years of the accrual of the cause of action as required by § 893.54, STATS. The trial court concluded that the filing of a prior action that was voluntarily dismissed did not toll the statute of limitations under § 893.13(2), STATS. We conclude that § 893.13(2) tolled the statute of limitations upon commencement of the prior action, and therefore we reverse.

The relevant facts are undisputed. Johnson filed a complaint on August 27, 1993, alleging that she was injured in a motorcycle accident that occurred on August 28, 1990, on a Crawford County highway. Crawford County, Manuel Fernandez, and a number of insurance companies were named as defendants. The complaint did not allege that a notice of injury had been served on, or that a notice of claim had been filed with, Crawford County.[2] Johnson and Crawford County entered into a stipulation pursuant to § 805.04(2), STATS.,[3] to dismiss the action. The court dismissed the action on July 18, 1994.

---

[1] This appeal has been expedited pursuant to RULE 809.17, STATS.

[2] Section 893.80(1), STATS., provides that, with certain exceptions, no action may be brought or maintained against any political corporation or governmental subdivision unless a notice of injury is served and a notice of claim is filed beforehand.

[3] Section 805.04(2), STATS., provides:

Johnson filed a second complaint on July 27, 1994. This complaint made the same allegations as did the first complaint with respect to Johnson's injury. It also alleged that on August 30, 1993, Johnson served a notice of injury on, and filed a notice of claim with, the Crawford County clerk. The defendants' answer admitted this allegation but defendants moved for summary judgment on the ground that the second action was brought after the three-year statute of limitations had run. Johnson argued before the trial court, as she does on appeal, that § 893.13(2), STATS., tolled the statute of limitations with the first action, making the second action timely.

Section 893.13, STATS., provides in relevant part:

(1) In this section and ss. 893.14 and 893.15 "final disposition" means the end of the period in which an appeal may be taken from a final order or judgment of the trial court, the end of the period within which an order for rehearing can be made in the highest appellate court to which an appeal is taken, or the final order or judgment of the court to which remand from an appellate court is made, whichever is latest.

(2) A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

Except as provided in sub. (1), an action shall not be dismissed at the plaintiff's instance save upon order of court and upon such terms and conditions as the court deems proper. Unless otherwise specified in the order, a dismissal under this subsection is not on the merits.

The trial court concluded that § 893.13(2), STATS., did not apply when the first action was voluntarily dismissed.

The resolution of this appeal depends upon the application of § 893.13, STATS. The application of a statute to undisputed facts is an issue of law, which this court decides *de novo*, without deference to the trial court's determination. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). We consider first the language of the statute to determine whether its intent is clear on its face. *Voss v. City of Middleton*, 162 Wis. 2d 737, 749, 470 N.W.2d 625, 629 (1991). Where the language of a statute is unambiguous, we will not look beyond the language to determine legislative intent. *Id.*

Relying on our decision in *Fox v. Smith*, 159 Wis. 2d 581, 464 N.W.2d 845 (Ct. App. 1990), Johnson argues that the plain language of § 893.13(1) and (2), STATS., tolls the statute of limitations for every action commenced, even if the first action is "defective" due to a failure to comply with the notice of claim statute. Crawford County argues that *Fox* and our later decision following *Fox, Colby v. Columbia County*, 192 Wis. 2d 397, 531 N.W.2d 404 (Ct. App. 1995), *petition for review granted*, 192 Wis. 2d ix, 534 N.W.2d 85 (Wis. May 10, 1995), do not apply when the first action has been dismissed based on a stipulation. Because the first actions in both *Fox* and *Colby* were dismissed by court order after an adjudication, we did not address the issue raised in this appeal.

Under the plain language of the first sentence of § 893.13(2), STATS., the statute of limitations is tolled for every cause of action when an action is filed. The

380

second sentence tells us how long the tolling period lasts. It lasts from the commencement of the action until the "final disposition." Section 893.13(1) defines "final disposition" in three distinct ways. The first definition—the end of the period in which an appeal may be taken—does not require that an appeal *has* been taken. If an appeal has been taken, it makes no sense to end the tolling period at the beginning of the appeal process. The second and third definitions relate to situations in which an appeal has been taken. The second definition applies when there is an appeal but no remand to the trial court, and the third applies when there is a remand to the trial court.

■

Since no appeal was taken from the order dismissing the first complaint, the first definition in § 893.13(1), STATS., applies. Crawford County argues that it does not apply because no party can appeal from an order dismissing a complaint on a stipulation. But the phrase—"the end of the period in which an appeal may be taken from a final order"—does not require that the plaintiff be aggrieved by the trial court's order. It refers solely to a time period, one easily determined by reference to § 808.04(1), STATS. An appeal from a trial court order "must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given . . . or within 90 days of entry if notice is not given." Section 808.04(1). We see nothing in the language of §§ 893.13(1) and (2) or 808.04(1) that exempts certain causes of action because the first action to enforce that cause of action was voluntarily dismissed.

Crawford County relies on an unpublished federal district court decision, *Robinson v. Willow Glen Academy*, Nos. 88-C-250 and 88-C-342, slip op. (E.D. Wis.

Dec. 15, 1988), *aff'd*, 895 F.2d 1168 (7th Cir. 1990). In affirming the district court's conclusion that § 893.13(2), STATS., did not toll the statute of limitations for a cause of action when the first action was dismissed based on a motion for voluntary dismissal, the United States Court of Appeals for the Seventh Circuit looked to the law governing commencement of actions in federal court.[4] Under federal law, the Seventh Circuit stated, when an action is voluntarily dismissed pursuant to FED. R. CIV. P. 41(a)(2),[5] it is treated as if it had never been filed. The Seventh Circuit therefore concluded that the first action does not toll the statute of limitations. The Seventh Circuit noted that this conclusion was supported by the district court's interpretation of § 893.13(2).

The district court, in addition to relying on federal law, also relied on the Judicial Council Committee's Note, 1979, § 893.13, STATS., which states:

> Section 893.35 is repealed and this section created to clarify the ending of the tolled period of a statute of limitations in the various situations which can arise when an appeal is taken.

Apparently the district court viewed this as evidence of legislative intent either that an appeal had to be taken for the tolling statute to apply or the order of dismissal in the first action had to be appealable.

---

[4] Section 893.15(2), STATS., provides that, for purposes of tolling a statute of limitations on the basis of an action brought in a non-Wisconsin forum, which is defined to include federal courts, the law of the forum determines the time of commencement or final disposition of the action. The United States Court of Appeals for the Seventh Circuit relied on this provision in applying federal law.

[5] FEDERAL R. CIV. P. 41 is the federal counterpart to § 805.04 (2), STATS.

■

We are not bound by a federal court's interpretation of state law. *Universal Die & Stampings, Inc. v. Justus*, 174 Wis. 2d 556, 567, 497 N.W.2d 797, 802 (Ct. App. 1993). While we may follow the reasoning of the federal court decision, *see LeClair v. Natural Resources Bd.*, 168 Wis. 2d 227, 238, 483 N.W.2d 278, 283 (Ct. App. 1992), we decline to do so here because we conclude the *Robinson* court incorrectly interpreted Wisconsin law.

■

Under Wisconsin law, we may not resort to legislative history to interpret a statute that is plain on its face or to create an ambiguity. *State v. Martin*, 162 Wis. 2d 883, 897 n.5, 470 N.W.2d 900, 905 (1991); *Voss*, 162 Wis. 2d at 749, 470 N.W.2d at 629. The plain language of the first sentence of § 893.13(2), Stats., applies to all actions; neither that subsection nor subsec. (1) indicate that tolling does not apply if the first action is voluntarily dismissed. Accordingly, resort to the Judicial Council Committee's Note to § 893.13, Stats., to interpret the statute is not proper under Wisconsin law. For purposes of a complete discussion, however, we point out that the Note does not indicate either that an appeal is required or that the plaintiff must be able to appeal in order for the statute to be applicable. The Note refers to the second and third definitions in § 893.13(1), which define the tolling period when "an appeal is taken." As we stated above, the first definition applies when an appeal has *not* been taken. The Note, therefore, cannot be referring to that definition, the one at issue in this case.

■

Our conclusion that § 893.13(2), Stats., applies when the first action has been voluntarily dismissed is

supported by our supreme court's statement in *McKissick v. Schroeder*, 70 Wis. 2d 825, 831, 235 N.W.2d 686, 689 (1975): "A subsequent dismissal of a complaint for certain defects or by stipulation of the parties does not have the effect of eliminating the tolling of the statute of limitations, which stops running when that summons and complaint are served, even if the complaint is afterwards dismissed." We recognize that this statement is *dicta* in that the prior actions in *McKissick* appear to have been dismissed by a court order not based on a stipulation. However, because our supreme court explicitly referred to dismissals by stipulation, we are reluctant to ignore this statement unless § 893.13 compels us to. It does not. This statement in *McKissick* is consistent with the plain language of § 893.13(1) and (2).

We conclude § 893.13(2), STATS., tolled the statute of limitations on Johnson's cause of action when the first action was filed. Johnson filed the second complaint nine days after the court's order dismissing the first action. This is within ninety days of that order, making the second action timely.[6]

*By the Court.*—Judgment reversed.

SUNDBY, J. (*concurring*). I reluctantly conclude that § 893.13(2), STATS., applies only to appeals. Section 893.35, STATS., 1977, which applied only to appeals, was repealed and re-created by Laws of 1979, ch. 323, § 28 as § 893.13(2). There is no suggestion that the legislature intended to create a general tolling stat-

---

[6] Presumably a written notice of entry of judgment was not filed but the nine days would be within the shorter forty-five-day period as well.

ute.[1] This act revised and consolidated claim procedures. It appears that the effect of dismissing an action upon the tolling of a statute of limitations is governed by the common law.

The Wisconsin cases hold that if an action is dismissed without prejudice, the parties are placed in the same position they occupied before the litigation commenced, especially if the action is dismissed upon stipulation of the parties. *Wakeley v. Delaplaine*, 15 Wis. 614, 618 (1862). "If the situation of the parties, or their relations to the property, had been changed by the litigation, they were to be reinstated in the rights they occupied and enjoyed prior to the commencement of the action." *Id.*

In *Bishop v. McGillis*, 82 Wis. 120, 51 N.W. 1075 (1892), defendants claimed that a judgment of dismissal, entered upon a stipulation to dismiss, barred the action for three reasons. One of the reasons was that the action was barred by the statute of limitations. The court rejected this defense. The court discussed the effect of the stipulated judgment of discontinuance or dismissal. *Id.* at 127, 51 N.W. at 1076. The court said:

> We think the profession would be surprised to learn that a judgment of dismissal, entered upon a mere stipulation to dismiss, is even *prima facie* a bar to all future actions for the same cause. Certainly, if such be the law, it ought to be speedily announced.

*Id.*

---

[1] In fact, the Judicial Council Committee's Note, 1979, states that § 893.35, STATS., is repealed and this section is created to clarify the ending of the tolled period of a statute of limitations in the various situations which can arise "*when an appeal is taken.*" (Emphasis added.)

Relying on *Wakeley* and *Haldeman v. United States*, 91 U.S. 584 (1876), the court held that the effect of a judgment of dismissal was simply to place the parties in the same position they occupied before the litigation commenced. *Bishop*, 82 Wis. at 127-28, 51 N.W. at 1076.

In *Haldeman*, the Court said that, "the general entry of the dismissal of a suit by agreement is no evidence of an intention to abandon the claim on which it is founded, but rather of a purpose to preserve the right to institute a new suit if it becomes necessary." 91 U.S. at 586. This makes eminent good sense.

In our case, the statute of limitations had not run on Johnson's claim. She commenced an action which preserved her claim against the running of the statute of limitations. After dismissal without prejudice, Johnson could, and did, begin a new action to preserve her claim against the running of the statute of limitations.

In *McKissick v. Schroeder*, 70 Wis. 2d 825, 235 N.W.2d 686 (1975), the court rejected defendant's argument that an order which dismissed all prior complaints and provided for service of the fifth complaint effectively nullified all prior complaints, and could not be said to have tolled the statute of limitations. The court said:

> A subsequent dismissal of a complaint for certain defects *or by stipulation of the parties* does not have the effect of eliminating the tolling of the statute of limitations, which stops running when that summons and complaint are served, even if the complaint is afterwards dismissed.

*Id.* at 831, 235 N.W.2d at 689 (emphasis added).

Of course, the plaintiff may not commence a new cause of action which is barred by the statute of limita-

386

tions. The new complaint must merely re-state in a different form the cause of action stated in the original complaint. *Fredrickson v. Kabat*, 264 Wis. 545, 547, 59 N.W.2d 484, 485 (1953) (quoting 34 AM. JUR. *Limitation of Actions* § 260).

Another way of looking at this is to conclude that Crawford County is as much bound by the stipulation as is Johnson. Therefore, Crawford County waived its right to insist upon the statute of limitations. I do not believe Crawford County considered that when it induced Johnson to dismiss her claim "without prejudice," Johnson should suffer the ultimate prejudice—the destruction of her claim.

An alternative approach is suggested in *Colin v. Department of Transportation*, 423 So. 2d 1020 (Fla. Dist. Ct. App. 1982), which treated a new action brought after an action was dismissed without prejudice as an amended complaint which related back. The New Mexico Supreme Court approved this approach in *Bracken v. Yates Petroleum Corp.*, 760 P.2d 155, 158 (N.M. 1988).

In some jurisdictions a statute specifically tolls the statute of limitation when an action is dismissed without prejudice.[2] I do not believe that § 893.13(2), STATS., is such a statute. This omission should be corrected by the legislature.

---

[2]*See, e.g., Stewart v. Michigan Bell Tel. Co.*, 197 N.W.2d 465 (Mich. Ct. App. 1972) (if action dismissed other than on merits, statute tolled while action pending); *Lewis v. Connor*, 487 N.E.2d 285 (Ohio 1985) (dismissal without prejudice does not destroy cause of action).